# IN THE UNITED STATE DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

WILLIAM OWEN and CHRISTINA BELGARDE, on behalf of themselves and the Putative Class,

    Plaintiffs,

v.

PUNCH BOWL MINNEAPOLIS, LLC,

    Defendant.

Case No. _____

Hon. _____

Magistrate Judge _____

## DEFENDANT PUNCH BOWL MINNEAPOLIS, LLC'S NOTICE OF REMOVAL

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MINNESOTA:

PLEASE TAKE NOTICE that Defendant Punch Bowl Minneapolis, LLC ("PB Minneapolis"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and by and through its undersigned counsel, respectfully submits this Notice of Removal in the above-captioned action, from the District Court of the State of Minnesota, Fourth Judicial District, County of Hennepin, to the United States District Court for the District of Minnesota. The grounds for removal are as follows:

## THE PARTIES

1. According to their class-action Complaint (the "Complaint'), Plaintiffs William Owen ("Owen") and Christina Belgarde ("Belgarde") (collectively, "Plaintiffs") are former employees of PB Minneapolis.

2. Plaintiff Belgarde states that she is a former server for PB Minneapolis and alleges that she resides in the State of Minnesota. (Compl. ¶ 5).

1

30664019.4

3. Plaintiff Owen states that she is a former bartender for PB Minneapolis and also alleges that he resides in the State of Minnesota. (Compl. ¶ 4).

4. PB Minneapolis is a limited liability company, formed under the laws of the State of Delaware. Although PB Minneapolis operates an entertainment and restaurant establishment located at 1691 Park Place Blvd., St. Louis Park, MN 55416, its corporate offices, as well as its officers and directors, are located in Denver, Colorado. (LeBoeuf Decl. ¶ 5).

5. PB Minneapolis' sole member is PBS Brand Co., LLC ("PBS Brand Co."), a limited liability company formed under the laws of the State of Delaware. (LeBoeuf Decl. ¶ 3, Ex. A).

6. PBS Brand Co.'s sole member is Punch Bowl Social, Inc., a corporation formed under the laws of the State of Delaware with its principal place of business in Denver, Colorado. (LeBoeuf Decl. ¶¶ 4-5, Ex. B).

**PROCEDURAL BACKGROUND**

7. On March 26, 2019, Plaintiffs filed a Complaint against PB Minneapolis in the District Court for the State of Minnesota, Fourth Judicial District, County of Hennepin, in the case entitled *William Owen and Christina Belgarde v. Punch Bowl Minneapolis, LLC* (the "Complaint"). True and correct copies of the Complaint and summons are attached hereto as Exhibit A.

8. On March 26, 2019, Plaintiffs caused a copy of the Complaint to be served on PB Minneapolis.

9. The Complaint and summons filed by Plaintiffs (Exhibit A) constitute all of the process, pleadings, and orders that PB Minneapolis has knowledge of being filed in the state court action initiated by the Complaint.

10. The Complaint alleges one cause of action against PB Minneapolis; a supposed violation of Minn. Stat. § 177.24, and seeks recovery of tips and other relief on behalf of Plaintiffs

individually and on behalf of a putative class of servers and bartenders employed by PB Minneapolis within the preceding three years.

11.     The Complaint alleges that PB Minneapolis employed more than 200 bartenders and servers at its Minnesota location. (Compl. ¶ 39). Additionally, in calendar year 2018, PB Minneapolis had approximately $6,856,160 in food and beverage sales, and employees reported approximately $473,548 in tips. (LeBoeuf Decl. ¶ 6). Accordingly, more than $75,000 is in controversy in this case. (LeBoeuf Decl. ¶ 7).

12.     PB Minneapolis denies Plaintiffs' claims. Nonetheless, the allegations contained in the Complaint, coupled with the citizenship of the parties and the amount in controversy, demonstrate that there is complete diversity of citizenship of the parties and that more than $75,000 is in controversy in this case. Therefore, the Court possesses subject matter jurisdiction over Plaintiffs' state law claim and the case is properly removed to this Court.

## **REMOVAL JURISDICTION – DIVERSITY OF CITIZENSHIP**

13.     28 U.S.C. § 1332(a) provides that the Court "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

14.     Further, 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

15.     Removal under Sections 1332 and 1441 requires complete diversity of citizenship: "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *see also GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d

827, 829 (8th Cir. 2004). To determine jurisdiction, the Court looks to the parties' status at the lawsuit's filing. *Chavez-Lavagnino v. Motivation Educ. Training*, 714 F.3d 1055, 1056 (8th Cir. 2013).

16. "An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *E3 Biofules, LLC v. Biothane, LLC,* 781 F.3d 972, 975 (8th Cir. 2015) (quoting *One Point Solutions, LLC,* 486 F.3d at 346). "Because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Key Enterprises, LLC v. Morgan, No. 12-CV-2628* , 2013 W.L.353911 at * 1 (D. Minn. January 29, 2013).

17. In contrast to a limited liability company, a corporation is a citizen of the state of its incorporation and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). A principal place of business is the "nerve center" of the corporation, its headquarters or site where executive-level management decisions are made. *Hertz Corp.*, 559 U.S. at 92-94; *Pioneer Plastics, Inc. v. J & J Solutions, Inc.*, Civ. No. 18-753 (MJD/BRT), 2018 WL 5309841, at *2-4 (D. Minn. Aug. 13, 2018) (finding principal place of business was in office in Iowa where corporate officers and board members conducted meetings and made decisions on conduct of the business, not work site in Minnesota).

18. Natural persons are citizens of the state where they possess (1) "physical presence in a state" and (2) "intent to remain there indefinitely." *Altimore v. Mount Mercy Coll.*, 420 F.3d 763, 768 (8th Cir. 2005).

19. The amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). In making this determination, the removing party need not prove that "the damages are greater than the requisite amount," but that "the claims ...could, that is *might*, legally satisfy the amount in controversy

requirement." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (citations omitted); *see also Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 944 (8th Cir. 2012).

20. In the present case, both the complete diversity of citizenship and the amount in controversy requirements are satisfied. Plaintiffs are each citizens of Minnesota. They allege that they are current residents of Minnesota in the Complaint. (Compl. ¶¶ 4-5). Likewise, they seek to represent a class of individuals who worked for PB Minneapolis in Minnesota and assert claims under Minnesota law. (Compl. ¶¶ 4-6, 38).

21. In contrast, PB Minneapolis is a limited liability company that takes the citizenship of its members. Its sole member is PBS Brand Co., a limited liability company which in turn takes the citizenship of its members. The sole member of PBS Brand Co., is Punch Bowl Social, Inc., a Delaware corporation with its principal place of business in Colorado. PB Minneapolis is accordingly a citizen of Delaware and Colorado, but not Minnesota. (LeBoeuf Decl. ¶¶ 3-5, Exs. A, B). Complete diversity therefore exists.

22. Plaintiffs' claims on behalf of themselves and a putative class easily clear the $75,000 threshold for the amount in controversy. According to the Complaint, the putative class could exceed 200 members if ultimately certified. (Compl., ¶ 39). Additionally, in calendar year 2018 alone, PB Minneapolis had approximately $6,856,160 in food and beverage sales, and employees reported approximately $473,548 in tips. (LeBoeuf Decl. ¶ 6). Plaintiffs seek an award of damages that includes not only all tips allegedly diverted from the class during a three-year period, but an equivalent amount as liquidated damages and an additional amount of penalties. While PB Minneapolis denies that Plaintiffs or the putative class are in fact entitled to any recovery in any amount, the damages Plaintiffs have placed in controversy exceed $75,000.

## TIMELINESS OF REMOVAL

23. This Notice of Removal is timely because it was filed within 30 days after PB Minneapolis received service of Plaintiffs' initial pleading on March 26, 2019.  28 U.S.C. § 1446(b)(3).

24. Further, PB Minneapolis will file a true and correct copy of this Notice of Removal with the Clerk in the District Court of the State of Minnesota, Fourth Judicial District, County of Hennepin, and will serve all adverse parties with written notice thereof, promptly after filing the Notice of Removal with this Court.  28 U.S.C. §1446(d).

## CONSENT OF ALL NAMED DEFENDANTS

25. Removal of this case is otherwise proper because currently the only Defendant in this case is PB Minneapolis, and PB Minneapolis consents as the party filing this notice to the removal of this case from the District Court of the State of Minnesota, Fourth Judicial District, County of Hennepin, to the United States District Court for the District of Minnesota.

## VENUE

26. Venue lies in the United States District Court for the District of Minnesota because the state-court action was filed and is pending in the District Court of the State of Minnesota, Fourth Judicial District, County of Hennepin, which is within this judicial district.

## CONCLUSION

Based on the forgoing, PB Minneapolis respectfully requests that this action proceed in this Court as an action properly removed.

DATED:  April 5, 2019

        Respectfully submitted,

        **KUTAK ROCK LLP**

        By:  */s/Alain M. Baudry*
            Alain M. Baudry (MN No. 0186685)
            Nathan T. Boone (MN No. 0398989)
            60 South Sixth Street, Suite 3400
            Minneapolis, MN 55402
            Tel:      (612) 334-5000
            Fax:     (612) 334-5050
            Alain.baudry@kutakrock.com
            Nathan.boone@kutakrock.com

            Matthew S. Disbrow (MI P65378), *upon pro hac vice admission*
            HONIGMAN LLP
            2290 First National Building
            Detroit, MI 48226
            Tel:      (313) 465-7000
            Fax:     313-465-7373
            mdisbrow@honigman.com

            *Attorneys for Defendant Punch Bowl Minneapolis, LLC*

30664019.4