# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| William Owen and Christina Belgarde, *on behalf of themselves and the Putative Class*, | Case No. 19-cv-0955 (TNL) |
| Plaintiffs, | |
| v. | **ORDER** |
| Punch Bowl Minneapolis, LLC, | |
| Defendant. | |

Reena I. Desai, Nichols Kaster, PLLP, 80 South Eighth Street, Suite 4700, Minneapolis, MN 55402 (for Plaintiffs); and

K. Jon Breyer and Nathan T. Boone, Kutak Rock LLP, 60 South Sixth Street, Suite 3400, Minneapolis, MN 55402; and Matthew Disbrow and Matthew Radler, Honigman LLP, 660 Woodward Avenue, Suite 2290, Detroit, MI 48226 (for Defendant).

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, ECF No. 56. The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. *See* ECF Nos. 52, 54, 55. The parties have requested that this matter be determined on the papers, without a hearing. ECF No. 57.

The Court has reviewed and considered all papers filed in connection with the motion, including the proposed class notice. ECF No. 59-2. The Court subsequently contacted the parties regarding certain revisions to the proposed notice and a revised proposed notice was submitted in response. ECF Nos. 63, 63-1.

1

Based on the filings, record, and pleadings in this matter, **IT IS HEREBY ORDERED** that Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, ECF No. 56, is **GRANTED IN PART** and **DENIED WITHOUT PREJUDICE IN PART** as set forth herein.

1. **Settlement Terms.** This Order incorporates the parties' Amended Settlement Agreement, attached as Exhibit 1 to the declaration of class counsel. *See generally Am. Settlement Agreement*, ECF No. 59-1. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Amended Settlement Agreement.

2. **Class Members.** The district court previously certified the following class: "All individuals employed by Punch Bowl Minneapolis, LLC as bartenders or servers at the St. Louis Park, MN location at any time since March 26, 2016, until the date of final judgment." Order on Mot. for Class Cert. at 27, ECF No. 47. Plaintiffs William Owen and Christina Belgarde were appointed as representatives for the class and Nichols Kaster, PLLP, appointed as class counsel. Order on Mot. for Class Cert. at 27.

3. **Preliminary Approval of Proposed Settlement.** The Court has conducted a preliminary evaluation of the settlement as set forth in the Amended Settlement Agreement based on the criteria set forth in Fed. R. Civ. P. 23(e)(2) and relevant case law. Based on this preliminary evaluation, the Court finds that: (a) Plaintiffs and class counsel have adequately represented the class; (b) the settlement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) the settlement is fair, reasonable, adequate, and within the range of

possible approval, considering the time, expense, and inherent risks of extended litigation as well as the uncertain financial condition of Defendant, a "restaurant/entertainment venue that was largely impacted by the COVID-19 [p]andemic," Mem. in Supp. at 11, ECF No. 58.  Therefore, the Court grants preliminary approval of the settlement.  *See also infra* ¶¶ 5, 14.

4. **Class Administrator.**  Analytics Consulting is appointed as the administrator and shall be required to perform all the duties of the administrator as set forth in the Amended Settlement Agreement and this Order.

5. **Notice.**  The revised proposed notice, ECF No. 63-1, is reasonable and fully satisfies the requirements of Rule 23.  Further, notice in the proposed manner constitutes the best notice practicable under the circumstances.  The form, content, and distribution method of the revised proposed notice is approved.[1]  The revised proposed notice shall be updated to include the specific dates and times of relevant future settlement events as set forth in Paragraph 17 where applicable and may be updated to include any non-substantive modifications as may be agreed upon by the parties.

The administrator shall take reasonable steps to ensure the accurate and complete distribution of the notice by mail.  The administrator shall use reasonable means to confirm the mailing addresses provided by Defendant are current to ensure class members receive notice.  The administrator shall re-mail any returned notice to any updated address the administrator is able to reasonably locate.  The Court hereby directs the parties and the

---

[1] *See infra* n.3.

administrator to complete all aspects of notice no later than **January 8, 2021 ("Notice Deadline")**.

6.     **Confirmation of Notice.**  By no later than **March 8, 2021**, the administrator shall file with the Court proof that notice was provided in accordance with the Amended Settlement Agreement and this Order.

7.     **Exclusion from the Settlement.**  Class members who wish to exclude themselves from the settlement must do so by **February 22, 2021 ("Exclusion Request Deadline")**.  Class members may not both object to the settlement and exclude themselves. If a class member both seeks exclusion from the settlement and objects to the settlement, the exclusion request will control.

To request exclusion from the settlement, a class member must follow the directions in the notice and send a compliant exclusion request by mail (*i.e.*, not by phone or e-mail) to the administrator at the address designated in the notice by the Exclusion Request Deadline.  Exclusion requests must: (a) include the legal name, address, and telephone number of the person requesting exclusion; (b) include the name and case number of this lawsuit, *Owen et al. v. Punch Bowl Minneapolis, LLC*, No. 19-cv-0955; (c) include language clearly stating the person wants to be excluded from the class, such as: "I request to be excluded from the settlement in the *Owen* action"; and (d) be signed by the person requesting exclusion.  No request for exclusion will be valid unless all of the foregoing information is included.  No class member, or any person acting on behalf of or in concert or participation with a class member, may exclude any other class member from the class.

If a timely and valid exclusion request is made by a class member, then the Amended Settlement Agreement and any determinations and judgments concerning the settlement will not bind the excluded person.

8.     **Notification of Exclusion Requests Received.**  The administrator shall retain a copy of all exclusion requests.  **On or before March 8, 2021**, the administrator shall file with the Court, under seal, a declaration that lists all of the exclusion requests received.

9.     All class members who do not exclude themselves in accordance with the terms set forth in the notice and this Order will be bound by all determinations and judgments concerning the settlement.

10.     **Objections to the Settlement.**  Class members who wish to object to the settlement must do so by **February 22, 2021 ("Objection Deadline")**.  Again, class members may not both object to the settlement and exclude themselves.  If a class member both seeks exclusion from the settlement and objects to the settlement, the exclusion request will control.  To object to the settlement, a class member must follow the directions below and in the notice and file[2] a written objection with the Court by the Objection Deadline.

A class member who wishes to object to the settlement shall mail (*i.e.*, not by phone or e-mail) any written objection by the Objection Deadline to *each* of the following: (i) the Court – Magistrate Judge Tony N. Leung, Diana E. Murphy U.S. Courthouse, 300 South

---

[2] All objections received by the Court will be filed electronically by the Court if such objections are not filed using the Court's electronic filing system in the first place.

Fourth Street, Chambers 9W, Minneapolis, MN 55415; (ii) class counsel – Reena I. Desai, Nichols Kaster, PLLP, 4700 IDS Center, 80 South Eighth Street, Minneapolis, MN 55402; and (iii) Defendant's counsel – Matthew E. Radler, Honigman LLP, 2290 First National Building, 660 Woodward Avenue, Detroit, MI 48226.[3]  In connection with an objection, a class member must include the following: (a) the name and case number of this lawsuit, *Owen et al. v. Punch Bowl Minneapolis, LLC*, No. 19-cv-0955; (b) a written statement of objections, in clear and concise terms, and the legal and factual arguments supporting each objection; (c) a statement indicating whether the objection applies just to the class member individually, a specific subset of the class, or the entire class; (d) a statement whether or not the class member or the class member's lawyer will ask to appear at the final approval hearing to talk about the class member's objections, and, if so, how much time will be needed to present the objections; and (e) copies of any documents the class member or the class member's lawyer will present at the final approval hearing.  The Court will not consider an objection unless the objection includes all of the foregoing information.

11. Any class member who fails to timely comply with Paragraph 10: (a) will not be permitted to object to the settlement at the final approval hearing; (b) will be foreclosed from seeking any review of the settlement by appeal or other means; (c) will be deemed to have waived the class member's objections; and (d) will be forever barred from making any objections in the action or any other related action or proceeding.  All class

---

[3] The revised proposed notice shall be corrected to reflect the proper spelling of the law firm of Defendant's counsel.

members will be bound by all determinations and judgments in this action, whether favorable or unfavorable to the class.

12. **Responses to Objections; No Replies Permitted.** Any responses to objections shall be filed with the Court in connection with the motion for final settlement approval, *see infra* ¶ 13, no later than **March 8, 2021**. No replies will be permitted.

13. **Motion for Final Settlement Approval.** The parties shall file a motion for final settlement approval, and any documents in support thereof, no later than **March 8, 2021**.

14. **Motion for Attorney Fees, Costs, and Service Awards.** Plaintiffs request that the Court preliminarily approve an award of attorney fees to class counsel, costs, and a service award to each named Plaintiff. Pls.' Mem. in Supp. at 13-19.

The Amended Settlement Agreement states that "Class Counsel may request Court approval for payment of up to 25% from (and not in addition to) the Settlement Amount, or $37,500, as payment for its attorneys' fees" as well as "reimbursement of up to $20,000 from (and not in addition to) the Settlement Amount in costs, including costs for administration." Am. Settlement Agreement at 4. The Amended Settlement Agreement further states that "Class Counsel will file a separate motion for attorneys' fees and costs, and named plaintiff service payments on or about the 30th day of the 45-day notice period." Am. Settlement Agreement at 4.

To the extent Rule 23(e)(2)(C)(iii) directs the Court to take into account "the terms of any proposed award of attorney's fees" when evaluating whether the relief provided for the class in the settlement is adequate, the Court has considered these terms of the Amended

7

Settlement Agreement (including the ceilings placed on attorney fees, costs, and service awards) as part of its preliminary approval of the settlement and conclusion that the settlement is fair, reasonable, adequate, and within the range of possible approval. *See supra* ¶ 3.  To the extent, Plaintiffs request approval of specified amounts for attorney fees to class counsel, costs, and a service award to each named Plaintiff at this stage of the proceedings, such request is premature and denied without prejudice.  Consistent with the Amended Settlement Agreement, Plaintiffs shall file a motion, and any documents in support thereof, for attorney fees, costs, and service awards on or before **February 8, 2021**.

15. **Final Approval Hearing.** **A final approval hearing shall take place on March 22, 2021, at 1:30 p.m., in Courtroom 9W of the Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, or at such other date and time as may be set by the Court.  The final approval hearing may be held by telephone or videoconference due to COVID-19 safety precautions.**

The final approval hearing is for purposes of making a final determination on the fairness, adequacy, and reasonableness of the settlement, including, among other things, whether: (a) the proposed settlement is fair, reasonable, and adequate to the class and should be finally approved by the Court; (b) the notice given was the best notice practicable under the circumstances, was due and sufficient notice to the class, and fully satisfied the requirements of due process and Federal Rule of Civil Procedure 23; and (c) to approve any motion for attorney fees, costs, and service awards.

16. **Written Request to Appear at Final Approval Hearing.**  If a class member does not exclude him or herself and timely files a written objection, the class member may

8

request to be heard at the final approval hearing. A class member must file a written request to appear at the final approval hearing with the Court no later than **March 8, 2021 ("Written Request Deadline")**. **Any and all written requests to appear at the final approval hearing must contain an e-mail address for the person requesting to appear.**

17. **Timeline of Future Settlement Events.** The following are the deadlines by which certain events must occur:

| | |
|---|---|
| **January 8, 2021** | **Notice Deadline.** Deadline for notice to be provided in accordance with the Amended Settlement Agreement and this Order. |
| **February 8, 2021** | Deadline to file motion for attorney fees, costs, and service awards. |
| **February 22, 2021** | **Exclusion Request Deadline.** Deadline to request exclusion from the settlement. |
| **February 22, 2021** | **Objection Deadline.** Deadline to file a written objection to the settlement. |
| **March 8, 2021** | Deadline to file (a) proof that notice was provided in accordance with the Amended Settlement Agreement and this Order, and (b) a declaration, under seal, that lists all of the exclusion requests received. |

[Continued on next page.]

| **March 8, 2021** | Deadline to file motion for final settlement approval, and any documents in support thereof, including but not limited to responses to any objections. |
|---|---|
| **March 15, 2021** | **Written Request Deadline.** Deadline to file written request asking to be heard at the final approval hearing. |
| **March 22, 2021** | Final approval hearing set for March 22, 2021, at 1:30 p.m., in Courtroom 9W of the Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, MN 55415. The final approval hearing may be held by telephone or videoconference due to COVID-19 safety precautions. |

**IT IS SO ORDERED.**

Date: December   18   , 2020                     *s/ Tony N. Leung*
                                                  Tony N. Leung
                                                  United States Magistrate Judge
                                                  District of Minnesota


                                                  *Owen et al. v. Punch Bowl Social Minneapolis, LLC*
                                                  Case No. 19-cv-0955 (TNL)