UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| WILLIAM OWEN and CHRISTINA BELGARDE, *on behalf of themselves and the Putative class,* | Case No. 19-cv-955 (TNL) |
| Plaintiffs, | **ORDER** |
| v. | |
| PUNCH BOWL MINNEAPOLIS, LLC, | |
| Defendant. | |

_____

This matter came before the undersigned on the parties' Stipulation of Dismissal, ECF No. 74.[1]

### A. BACKGROUND

On July 17, 2020, the following class was certified: "All individuals employed by Punch Bowl Minneapolis, LLC as bartenders or servers at the St. Louis Park, MN location at any time since March 26, 2016, until the date of final judgment." Order on Mot. for Class Cert. at 27, ECF No. 47. Plaintiffs William Owen and Christina Belgarde were appointed as representatives for the class and Nichols Kaster, PLLP, was appointed as class counsel. Order on Mot. for Class Cert. at 27.

---

[1] The parties previously consented to the exercise of jurisdiction by the undersigned pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. *See* ECF Nos. 52, 54, 55.

On December 18, 2020, the undersigned granted in part and denied without prejudice in part Plaintiffs' Unopposed Motion for Preliminary Approval of Settlement, ECF No. 56, preliminarily approving the settlement reached ("Class Settlement") by the parties and concluding that it was fair, reasonable, adequate, and within the range of possible approval.[2]  Preliminary Approval Order at 2-3, ECF No. 64.  The undersigned directed that notice be provided to the class members and established several deadlines regarding, among other things, notice; exclusion requests; objections; motions for attorney fees, costs, and service awards as well as final settlement approval; and a final approval hearing.  Preliminary Approval Order at 3-10.

Plaintiffs subsequently filed a Notice of Filing Bankruptcy Petition ("Notice of Bankruptcy Petition"), ECF No. 65.  The Notice of Bankruptcy Petition stated that, "on December 21, 2020, Defendant Punch Bowl Social [sic] Minneapolis, LLC, filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware."  Notice of Bankruptcy Pet. at 1.  *See generally In re Punch Bowl Minneapolis, LLC*, No. 20-bk-13169 (JKS) (Bankr. D. Del).[3]  As a result, this litigation was stayed under 11 U.S.C. § 362.

As part of the bankruptcy proceedings, Defendant disclosed that it had transferred the $150,000 Class Settlement amount to the settlement administrator.  Tr.'s Mot. to

---

[2] Plaintiffs' motion was denied without prejudice in part to the extent they "request[ed] approval of specified amounts for attorney fees to class counsel, costs, and a service award to each named Plaintiff" at that time. Preliminary Approval Order at 7-8.
[3] Defendant's bankruptcy case is being jointly administered under *In re PBS Brand Co., LLC*, No. 20-bk-13157 (JKS) (Bankr. D. Del.).  *See generally In re Punch Bowl Minneapolis, LLC*, No. 20-bk-13169 (JKS) (Bankr. D. Del. Dec. 23, 2020) (order directing joint administration).

Approve Settlement & Compromise at 3, *In re PBS Brand Co., LLC*, No. 20-bk-13157 (JKS) (Bankr. D. Del. July 26, 2021). Plaintiffs "William Owen and Christina Belgarde, as creditors and as class representatives with their counsel" thereafter entered into a settlement with the bankruptcy trustee ("Bankruptcy Settlement") regarding the Class Settlement funds that had been placed in escrow with the settlement administrator. Tr.'s Mot. to Approve Settlement & Compromise at 1, 8; *see generally* Ex. A to Tr.'s Mot. to Approve Settlement & Compromise, *In re PBS Brand Co., LLC*, No. 20-bk-13157 (JKS) (Bankr. D. Del. July 26, 2021) (settlement stipulation). This Bankruptcy Settlement requested limited relief from the automatic stay to allow the settlement administrator to disburse the Class Settlement funds to the class members and class counsel consistent with the terms of the Class Settlement previously reached in this litigation. *See* Tr.'s Mot. to Approve Settlement & Compromise at 8 & n.6; Ex. A at 1-2, 4 to Tr.'s Mot. to Approve Settlement & Compromise. The trustee moved to have the Bankruptcy Settlement approved by the bankruptcy court, serving, among others, class counsel and the class members by U.S. mail. Tr.'s Mot. to Approve Settlement & Compromise at 15; Cert. of Service & Ex. A to Cert. of Service, *In re PBS Brand Co., LLC*, No. 20-bk-13157 (JKS) (Bankr. D. Del. July 27, 2021) (certificate of service of trustee's motion).

On August 25, 2021, the bankruptcy court granted the trustee's motion and approved the Bankruptcy Settlement. *See generally In re PBS Brand Co., LLC*, No. 20-bk-13157 (JKS) (Bankr. D. Del. Aug. 25, 2021) (order granting trustee's motion).

## B. ORDER

As stated above, notice was provided to the class members prior to the approval of the Bankruptcy Settlement, which essentially effectuates the Class Settlement, and the Bankruptcy Settlement was approved by the bankruptcy court. *See* Fed. R. Civ. P. 23(e)(1), (2). The parties have now stipulated that this matter be dismissed with prejudice. **IT IS HEREBY ORDERED** that this action be **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: November  12 , 2021                *s/ Tony N. Leung*
                                          Tony N. Leung
                                          United States Magistrate Judge
                                          District of Minnesota

                                          *Owen et al. v. Punch Bowl Minneapolis LLC*
                                          Case No. 19-cv-955 (TNL)